## P. V. Pew v. City of Litchfield, et al.

1. PUBLIC STREETS—*power of municipality over.* A municipality may properly make use of its streets for some other purposes than for travel, but it cannot vacate the same except as provided by law; neither can it abandon them, nor convey nor turn them over, in whole or in part, in any manner, to private persons for private use.

2. STATUTE OF LIMITATIONS—*when, does not apply as against municipality.* The Statute of Limitations cannot be successfully pleaded as against the right of a municipality to exercise governmental function or as against one properly seeking to compel such municipality so to exercise such function.

Mandamus proceedings. Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

LANE & COOPER, for appellant.

P. A. WILHITE, for appellees; JETT & KINDER, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

Pew instituted this suit in mandamus against the city of

Litchfield. its mayor and aldermen, averring that on the 11th day of September, 1890, the defendants wrongfully and illegally permitted one George A. Sihler to occupy and use for his own private gain and purpose a portion of Harrison street in said city, to wit: a strip of ground 32 feet in width, east of and adjacent to lots one and two of block one of the original town of Litchfield; that Sihler and his grantee have wrongfully converted and used the same as their own property, and have obstructed said street by grading and improving the said strip and have converted it into a lawn for their private use and benefit, and placed thereon an open sewer and drain, telephone and telegraph poles, and thereby the public has been deprived of the use and benefit of that portion of said street as a public highway. By amendment to petition plaintiff further avers that on the 28th day of March, 1895, defendants passed a resolution directing said Sihler or his assigns to vacate said strip and remove obstructions thereon, but have hitherto refused to enforce said resolution. The prayer of the petition is that a writ of mandamus issue commanding the mayor and aldermen to remove or cause to be removed said obstruction. The defendants by their original and first amended answer substantially admitted the averments of the petition. By their second amended answer they deny that there were or are any obstructions in the said street; deny that since the passage of said resolution Sihler or his grantees or assigns have used said strip for their own private gain and purpose; deny that there are any obstructions in said street and aver that since the passage of said resolution said strip has been under the control of the city and open to the use of the public for street purposes. By further amendment they set up the five years' Statute of Limitations. Plaintiff demurred to so much of this last amended answer as sets up the Statute of Limitations, the demurrer was overruled and plaintiff filed four replications; the first denying that since the 28th day of March, 1895, said strip has been under the control of the city and open to the public use for street purposes, and averring that said Sihler and

his assigns have used said strip for their own private gain and purpose, and that the same was and now is obstructed as charged in petition; the second averring that cause of action did accrue within five years; the third averring that the said obstruction was and is a continuing nuisance; the fourth averring that said obstruction was unlawfully placed in said street and unlawfully allowed to remain. The defendants demurred to the third and fourth replications, which demurrer was overruled. The cause was submitted to a jury which found the issues for the defendants. The court overruled the motion of plaintiff for a new trial and rendered judgment against plaintiff for costs.

The street called Union avenue in Litchfield runs east and west; Division street runs east and west and is the next street north of Union avenue, and the distance between them is 132 feet, the length of the strip in controversy. Harrison street runs north and south, and from Division street south is 76 feet wide, and from Division street north is only 44 feet wide; that is, by attaching the 32-foot strip of street in controversy to the lots directly west of it, the width of Harrison street between Division street and Union avenue is reduced from 76 to 44 feet.

There can be and is no controversy about the material facts in this case. The evidence shows beyond question that in pursuance of the permission given by the city council, Sihler or those under him filled up that 32-foot strip of Harrison street between Union avenue and Division street, graded it down eastward, sowed it in grass, set out a line of trees running north and south through the center of the strip, put out beds of flowers and shrubs, and made it, to all intents and purposes, in appearance and fact, a portion of the lawn in front of his house. At the east line of that strip there has been built of brick a ditch or drain in the street, and along the south end of the strip there has been placed a stone curbing rising eight inches above the level of Union avenue. The ordinance of the city of Litchfield admitted in evidence provides for a fine against any person who shall place, throw or leave any obstruction or incum-

brance in or upon any street of the city and an additional
fine for every day the same shall remain after notification
to remove it. What more was necessary to be done in
order to constitute an obstruction in Harrison street, it is
difficult to imagine, but the jury found and the court ad-
judged that such a condition did not establish that any
obstruction existed. An examination of the instructions
given and refused and of the rulings of the court on the ad-
missibility of evidence makes it clear how the verdict was
reached. All the instructions asked by plaintiff were re-
fused. The instructions asked by defendant were given.
We cannot take space to discuss them in detail; a few will
suffice. The first instruction given for defendants, informs
the jury that the city " may do anything with its streets
that is not incompatible with the beneficial use of the same
by the general public." The second informs them that
having been permitted by the court to view the premises
and streets in question they have the right to take into
consideration the evidence of the witnesses and also what
they have discovered and learned from their personal view.
The third states that " to constitute an obstruction of Har-
rison street the condition of affairs and alleged obstruction
as shown by the evidence and your personal inspection
must be such as to interfere with public convenience in the
use of the street."

The first instruction offered by plaintiff, in defining the
word " obstruction," states that " anything wrongfully
placed in the street which prevents free and uninterrupted
passage of the public" is an obstruction. The second states
on the same subject that it is not necessary to show that the
street is rendered impassable in order to establish that it is
obstructed. The third states that the right of the public
in a street extends to the whole breadth thereof and not
merely to the part worked or traveled; that an obstruction
on an untraveled part cannot be justified by the fact that
sufficient room has been left for the passage of the public;
that the public had the right to the use of the said strip on
which the improvements had been placed, although there

may have been room enough left for the passage of the public. Another states that the law makes it the duty of the city to keep its streets free from obstruction. Another, that the city had no power to vacate or abandon the strip in question for the use of Sihler or his assigns; that the public have the right to travel on Harrison street in its entire width and length and that if it has been obstructed in the manner as above stated the verdict should be for the plaintiff.

The court over the objection of plaintiff allowed cross-examination of plaintiff's witnesses and examination by defendants of their own witnesses tending to prove that the strip had never been traveled; that boulevards were quite common in Litchfield; that boulevards existed in particular places and in the opinion of the witnesses did not obstruct travel; that the use to which the strip in question is now put does not in the opinion of the witnesses obstruct travel; that before it was improved there was rubbish on it; that its improvement has increased values of property; that the travel since the improvement of the strip has been in the same line where it was before; that Harrison street as a street in their opinion has not been obstructed by the things done on the strip in question.

It is not clear what is meant by the use of the word "beneficial" but the view of the court and the idea intended to be conveyed seems to have been that if there was space enough left in Harrison street without the strip in question to meet the public convenience in travel, as in substance is stated in the third instruction, then there was no obstruction; that the public had the beneficial use of the street and there could be no ground of complaint; and that the city had the discretion to do as it pleased with such parts of the street as were not needed for that "beneficial" use. Such a view is not sustained by the law. A city may properly make use of its streets for some other purposes than for travel but its streets cannot be vacated except as provided by law; neither can a city abandon its streets nor convey or turn them over in whole or part in any

manner to private persons for private use. An obstruction or encroachment upon a public highway is a public nuisance. A city has no power to permit it; much less has it power to create it. Its duty is to abate it. No citation of authorities is necessary; they are numerous and we are aware of none to the contrary. All the evidence to which we have above referred as admitted by the court against the plaintiff's objections was wholly irrelevant. The instructions offered by plaintiff, to which we have referred, stated the law and should have been given. The court was not asked by the plaintiff to instruct the jury to find for him but under the undisputed facts of the case might well have done so on its own motion.

The last amendment to the answer setting up the Statute of Limitations was demurred to; the demurrer should have been sustained. No use of a public highway by obstruction or encroachment thereon for any length of time, however long, can ripen into a right or operate to create a bar to a proceeding instituted for the removal thereof by the public authorities whose duty it is to take such proceeding, or by one of the public when the authorities neglect their duty in that behalf. The power exercised in such case is of a public nature, is governmental, is essential to existence. It is only private rights of municipal corporations to which the Statute of Limitations can be successfully pleaded.

Upon the facts shown by this record the duty of the defendant is to abate the nuisance which it has created.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*